UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RUBEN GALVAN, On Behalf Of Himself And Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TOTAL SCREEN SOLUTIONS, INC., NICK MILLS, AND GARY MILLS,<br><br>*Defendants*. | CASE NO. 2:14-cv-421<br><br>COLLECTIVE ACTION |

# ORIGINAL COMPLAINT

## SUMMARY

1.  Total Screen Solutions, Inc. (TSS), Nick Mills, and Gary Mills (Collectively, Defendants) did not pay their service technicians overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Defendants paid them a flat salary with no overtime pay for hours worked over forty in a workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these employees.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.  All parties are subject to personal jurisdiction in the Southern District of Texas.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendants reside in this District and most of the relevant facts occurred in this District.

**PARTIES**

5.     Plaintiff Ruben Galvan is a resident of Aransas County, Texas. Plaintiff was employed by Defendants as a "Service Technician." His written consent is attached.

6.     TSS is a Texas corporation with its principal office located in Corpus Christi. TSS, along with Nick Mills and Gary Mills, employed or jointly employed Plaintiff.

7.     Nick Mills managed TSS and, along with TSS and Gary Mills, employed or jointly employed Plaintiff.

8.     Gary Mills is TSS' owner and president and, along with TSS and Nick Mills, employed or jointly employed Plaintiff.

9.     "Potential Class Members," or "Class Members" are service technicians employed by Defendants within the past three years.

**FACTS**

10.    Defendants are in the solids control business for the oil industry. Solids control is a technique used on drilling rigs to separate drilling fluid ("mud") from the solids crushed by the drill bit and carried up to the surface in the drilling fluid. The solids are removed at the surface using screens, centrifuges, dryers, and shakers. The clean mud is recycled back down the hole to the drill bit and the rock, sand, and other particles that were removed from the mud are discarded.

11.    Defendants sell and rent products and machinery used for solids control. Defendants also provide solids control services. To provide these services, Defendants employ service technicians who rig up and rig down solids control equipment. Service technicians also

-2-

deliver parts and materials to Defendants' "solids control technicians," who are the workers that actually operate Defendants' solids control equipment.

12. Defendants' gross annual revenues have well exceeded the FLSA's $500,000 threshold for enterprise coverage for at least each of the last three years.

13. Defendants' employees routinely use, handle, sell, or work on vehicles, filters, centrifuges, dryers, shakers, computers, telephones, and fax machines. These items were produced for interstate commerce or actually traveled in interstate commerce.

14. Defendants are a covered enterprise under the FLSA during at least each of the last three years because they met the $500,000 gross revenue threshold and because their employees used, handled, sold or worked on goods or materials that were produced for interstate commerce or actually traveled in interstate commerce.

15. Defendants employed and/or jointly employed Galvan for about three-and-a-half years.

16. Defendants paid Galvan and the Class Members a salary of about $60,000 per year.

17. Galvan and the Class Members regularly worked in excess of forty hours per week. Galvan and the Class Members usually worked seven days per week, typically between 90 and 120 hours per week.

18. Although it is well-known that blue-collar oilfield workers such as Defendants' service technicians are not exempt from overtime, Defendants did not pay Galvan or the Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty in a workweek.

19. Defendants did not keep records of the hours Galvan and the Class Members worked.

20. Although Defendants did not keep records of the hours Galvan and the Class Members worked, Defendants know they worked many hours in excess of forty per week and that they were not paid overtime.

21. Defendants determined Galvan's and the Class Members' duties and work locations.

22. Defendants set Galvan's and the Class Members' pay and controlled the number of hours they worked.

23. Defendants set employment policies applicable to Galvan and the Class Members.

24. Defendants provided Galvan and the Class Members company vehicles and reimbursed their work-related expenses.

25. Defendants had the power to hire and fire service technicians, including Galvan and the Class Members.

26. Defendants made personnel and payroll decisions with respect to Galvan and the Class Members, including, but not limited to, the decision to pay Galvan and the Class Members a salary with no overtime pay, the frequency and amount of bonuses, as well as deciding to employ them as service techs.

27. Over the years, Defendants received multiple complaints about their failure to pay overtime. Despite these complaints, Defendants did not pay Galvan or any of the Class Members overtime.

## COLLECTIVE ACTION ALLEGATIONS

28.     In addition to Galvan, Defendants employed the Class Members. The Class Members, who were all employed as service technicians, performed the job duties described above in paragraph 11.

29.     Like Galvan, the Potential Class Members also regularly worked 90 to 120 hours per week with no overtime pay and were paid a salary. Thus, the Potential Class Members are similarly situated to Plaintiffs because they were subjected to the same unlawful payroll policy as Galvan. Defendants employed about a dozen of the Potential Class Members over the last three years.

30.     The Potential Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Service Technicians employed by Defendants since October 10, 2011.**

## CAUSE OF ACTION

31.     By failing to pay Galvan and the Potential Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

32.     Defendants owe Galvan and the Potential Class Members overtime wages equal to at least one-half times their regular rates for each overtime hour they worked during the three year period prior to filing their consent forms.

33.     Based on multiple complaints lodged by service technicians, Defendants knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Accordingly, Defendants' failure to pay overtime to Galvan and the Potential Class Members was willful and Defendants owe them overtime wages for at least the past three years.

34. Defendants are liable to Galvan and the Potential Class Members for an amount equal to all unpaid overtime wages.

35. Galvan and the Potential Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiffs pray for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Potential Class Members;

2. Judgment awarding Galvan and the Service Technicians all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Galvan and the Potential Class Members are justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
_____
David I. Moulton
Texas Bar No. 24051093
S.D. of Texas No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
dmoulton@brucknerburch.com